**CLAUDINA RICHARDS, Plaintiff**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, Defendant**

Civil No. 20-1973

District Court of the Virgin Islands

Div. of St. Croix

May 9, 1973

NICHOLS & SILVERLIGHT, ESQS., Christiansted, St. Croix, V.I., *for plaintiff*

RONALD H. TONKIN, ESQ., Attorney General, By CHARLES FAIRFAX, III, Deputy Assistant Attorney General, Charlotte Amalie, St. Thomas, V.I., *for defendant*

YOUNG, *District Judge*

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on plaintiff's motion for permission to file a belated tort claim against the Virgin Islands Government. Such permission is necessary because plaintiff did not file her claim, as required by 33 V.I.C. §§ 3409(c) and 3410, with the Governor within ninety days after its accrual. Under 33 V.I.C. § 3409(c), however, this Court has the discretion to waive the time limits within a period of two years after the cause of action arises.

■■ Three statutory criteria guide my discretion in deciding whether to permit late filing. Two of the three are clearly met: the Government had actual notice, within the initial ninety days, of the facts constituting the alleged tort; and since that is so, it is not prejudiced by the somewhat tardy receipt of the claim itself. The third standard poses the difficulties. The plaintiff must also show a "reasonable excuse" for her delay. I believe, however, that an excuse may be found here in the ambiguous language of the statute. That provides that tort claims shall be filed in the Office of the Governor, but it makes no mention of filing with the Court itself. A number of attorneys have

7

construed this to mean that only one filing is contemplated, that the Clerk of Court is the logical person with whom to file, and that if the papers reach the Clerk within ninety days, an information copy may be sent to the Governor at some subsequent time. Such a procedure was followed in the present case, with the complaint reaching the Clerk's office on the eighty-ninth day and the Governor's Office some nine days later. I believe, however, that the statutory notice to the Governor is best read as being in addition to, rather than in lieu of, the ordinary legal proceedings. The Tort Claims Act thus contemplates two filings—with the Clerk and with the Governor—both within ninety days.[1] But since this Act is relatively recent and unfamiliar to the Virgin Islands Bar, the error is an excusable one and a late filing will be permitted in this case.

It must be appreciated, however, that this holding is limited. Now that the Act has been judicially construed, claims should be filed in accordance with the statutory requirements. In the future, the Court will be considerably more reluctant to find that misinterpretation of the Act is a reasonable excuse for failure to comply with its provisions.

## ORDER

For the reasons set forth above, plaintiff's motion for leave to file a tort claim out of time is hereby GRANTED.

---

[1] If the plaintiff is filing only a notice of intention to sue, however, a single filing with the Governor would suffice.