■ COPPOLA BROS. EXCAVATION CORP., Appellant-Respondent, v M. MELNICK & CO., INC., Respondent-Appellant, and AETNA CASUALTY AND SURETY COMPANY et al., Respondents.—Amended judgment of Supreme Court, New York County, entered on November 14, 1975, unanimously modified, on the law and on the facts, to the extent of increasing plaintiff's award by the sum of $44,268.31, deleting the dismissal of the complaint as against defendant the Aetna Casualty and Surety Company, and awarding judgment to plaintiff as against said defendant for the total amount of the award, as hereby modified. Except as so modified, said amended judgment is affirmed, with one bill of $60 costs and disbursements to plaintiff as against defendants M. Melnick & Co., Inc., and the Aetna Casualty and Surety Company. On the record before us, we find no justification for allowing defendant-appellant M. Melnick & Co., Inc. ("Melnick"), offsets of $41,046.31, representing the cost of materials, equipment and work allegedly performed

by Melnick on plaintiff's behalf, and $3,222 for bond premium expenditure. The trial court properly refused to admit Melnick's Exhibit No. I into evidence, IN TOTO, for lack of a proper foundation, but nevertheless accepted a portion thereof as containing sufficient documentation to support the $41,046.31 offset. Our reading of the record and the exhibit fails to reveal any discernible distinction between the evidentiary support for the allowed items and the disallowed items. Similarly, the allowance to Melnick of the sum of $3,222 as reimbursement for a bond premium expenditure was improper since no proof was offered to support a claim that plaintiff's lien was improperly filed or willfully exaggerated. Finally, no issue was raised at the trial as to the action on the bond filed to discharge the mechanic's lien and the judgment in plaintiff's favor should run against the surety company as well as against Melnick. Concur—Kupferman, J. P., Murphy, Lupiano, Silverman and Nunez, JJ.