LOWELL GEORGE, Plaintiff

v.

AUSTIN A. BOYNES and GOVERNMENT OF THE VIRGIN
ISLANDS, Defendants

Civil No. 75/510

District Court of the Virgin Islands

Div. of St. Thomas and St. John

March 11, 1977

JAMES L. HYMES, III, ESQ. (GRUNERT, STOUT, HYMES &
MAYER), St. Thomas, V.I., *for plaintiff*

RONALD T. MITCHELL, ESQ. (PALLME, ANDUZE, MITCHELL
& DOW), St. Thomas, V.I., *for Austin A. Boynes*

PETER A. MARTIN, ESQ., Assistant Attorney General
(Department of Law), St. Thomas, V.I., *for Govern-
ment of the V.I.*

YOUNG, *District Judge*

This is an action both in tort and pursuant to 42 U.S.C. §
1983 for damages stemming from an alleged altercation

between plaintiff, Lowell George, and defendant, Austin A. Boynes, a police officer employed by the Virgin Islands Department of Public Safety. Defendant, Government of the Virgin Islands, now moves to dismiss the instant action as the same pertains to it on the grounds that plaintiff has failed to comply with the provisions of 33 V.I.C. § 3410 with respect to the requirements as to the filing of a complaint against the Government and the verification thereof. Plaintiff has not filed any written opposition to said motion.

Specifically, the Government avers that plaintiff failed to file a claim or notice of intention with the Office of the Governor, Richards v. Government of the Virgin Islands, 10 V.I. 6 (D.C.V.I. 1973), 33 V.I.C. §§ 3409, 3410, and that plaintiff has failed to verify the complaint herein as mandated by 33 V.I.C. § 3410. Accordingly, the Government contends that a dismissal of the instant action, to the extent that it asserts a claim against the Government, is warranted.

The Court is in accord with the Government's position. Although the Court previously evinced considerable leniency with respect to the filing and verification requirements enunciated in the Tort Claims Act, Henry v. Government of the Virgin Islands, 10 V.I. 227 (D.C.V.I. 1973); Richards v. Government, supra; Simon v. Lovgren, 10 V.I. 302 (D.C.V.I. 1973), and permitted claimants to amend and supplement their pleadings to meet said statutory prerequisites, the Court prefaced the same upon the then relative newness of the Act and the unfamiliarity thereof to the Virgin Islands Bar. Richards v. Government, supra at p. 8; Henry v. Government, supra at p. 228. In permitting a late filing in Richards the Court went on to state:

It must be appreciated, however, that this holding is limited. Now that the Act has been judicially construed, claims should be filed in

accordance with the statutory requirements. In the future, the Court will be considerably more reluctant to find that misinterpretation of the Act is a reasonable excuse for failure to comply with its provisions. Richards v. Government, supra at p. 8.

Nearly four years have passed since the Court's holdings in Richards, Henry and Simon. No excuse can now be proffered for non-compliance with the clear and simple requirements set forth in the Tort Claims Act. In waiving the immunity of the Government to tort actions, the Virgin Islands legislature set forth certain statutory conditions to the maintenance of said actions. Section 3401 expressly provides that the waiver of immunity is contingent upon compliance with the various provisions of chapter 118. The wording of the pertinent provisions is mandatory. Plaintiff having failed to comply therewith, the Court will dismiss for lack of subject matter jurisdiction that portion of the complaint herein which alleges a cause of action against the Government.[1]

## ORDER

In accordance with the Memorandum Opinion of even date herewith it is hereby ORDERED that the motion to dismiss of defendant, Government of the Virgin Islands, be and the same is hereby GRANTED, and that said dismissal be without prejudice.

---

[1] The dismissal herein will be without prejudice. However, as to the instant matter, the two year limitation on filing tort actions against the Government enunciated in 33 V.I.C. § 3409 has run thereby precluding plaintiff from seeking leave of the Court to file a late claim against the Government.

It must be noted that plaintiff herein failed to file any written opposition to defendant's instant motion, and more specifically, failed to seek leave of the Court to amend its complaint for the purpose of curing the above-mentioned defects. Had plaintiff so moved it would have been incumbent upon the Court to balance the mandatory nature of the requirements set forth in the Tort Claims Act against the liberal pleading policies evinced in F.R.C.P. 15. It would have been further necessary to determine whether such an amendment could relate back to the date of the original complaint pursuant to F.R.C.P. 15(c).