**DAISY ANDREW, Plaintiff**

**v.**

**DERICK CARVALHO, Defendant, Third Party Plaintiff**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS by its Commissioner of Health, Third Party Defendant**

Civil No. 592/1977

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

March 6, 1978

ALBERT A. SHEEN, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*.

KENNETH R. LINDQUIST, ESQ., Christiansted, St. Croix, V.I., *for defendant-third party plaintiff*

KATHLEEN N. COLEMAN, ESQ., Assistant Attorney General, Christiansted, St. Croix, *for third party defendant*

FINCH, *Judge*

### MEMORANDUM OPINION AND JUDGMENT

In this action in damages, plaintiff, Daisy Andrew, with permission entered the property of the defendant, Derick Carvalho, to perform services. Once upon the property Andrew was bitten by a dog owned by Carvalho. Andrew sought and received medical attention from a government clinic for the injuries she received from the bite. Andrew brought this action in order to recover for the injuries proximately caused by Carvalho's negligence in failing to restrain his dog.

Carvalho denied any knowledge of the negligence on his part, and pursuant to Rule 14 of the Federal Rules of Civil Procedure, 5 V.I.C. App. I Rule 14, brought an action to implead the Government of the Virgin Islands. Carvalho, as the third party plaintiff, averred that any and all injuries to the plaintiff arose from the gross negligence of the third party defendant by an improper diagnosis and subsequent treatment of Andrew, and that the misdiagnosis and improper treatment were the sole and exclusive cause of the injury which Andrew received. At a hearing on a motion to dismiss the third party complaint filed by the Government, three grounds were proffered as a basis for dismissal: (1) non-compliance with the notice requirements of the Tort Claims Act of the Government of the Virgin Islands; (2) improper impleader under the Federal Rules of Civil Procedure, 5 V.I.C. App. I Rule 14; and (3) failure to obtain leave of court prior to filing the third party complaint.

A claim against a third party defendant must belong to the original defendant and must be based upon the original plaintiff's claim against the original defendant in order to be afforded impleader status. In other words, there must be some showing under the applicable law that the third party may be liable to the original defendant to qualify for treatment under Rule 14. A judgment against the third party must inure to the benefit of the original defendant *and not to the original plaintiff* (note emphasis). The original defendant may not implead one who is solely liable to the original plaintiff since it is the right of the plaintiff to choose the party or parties against whom he wishes to institute an action. Moorehead Construction Co. v. City of Grand Forks, 508 F.2d 1008, 1012 (8th Cir. 1975); Lincoln Gateway Realty Co. v. Carri-Craft, Inc., 53 F.R.D. 303, 306 (W.D. Mo. 1971); 6 C. Wright & A. Miller, Federal Practice & Procedure: §§ 1446–1453, pp. 246–89 (1971).

Further, Rule 8 of the Federal Rules of Civil Procedure, 5 V.I.C. App. I Rule 8 requires that the third party plaintiff's (original defendant's) pleadings set forth a plain and short statement of the claim showing that the third party plaintiff is entitled to relief from the third party defendant. The third party complaint must indicate that the third party defendant is or may be liable to the original defendant/third party plaintiff for all or part of the original plaintiff's claim. It is not sufficient that the third party defendant is liable to the original plaintiff. The mere allegation that the third party defendant is or may be liable to the original plaintiff will not sustain the complaint as an impleader action. Fed. R. Civ. P. Rule 8; Fed. Prac. & Proc., supra, §§ 1453, 1455 at 288–289, 299.

The third party complaint in this case states at paragraph four:

Defendant/Third Party Plaintiff continues to deny its liability in this matter and avers that *any and all* injury to the plaintiff has arisen from the gross negligence of the Third Party Defendant in its diagnosis and subsequent treatment of the plaintiff, and that the misdiagnosis and improper treatment was the *sole and exclusive* cause of the injuries which the plaintiff has alleged were caused by the Defendant/Third Party Plaintiff. (Emphasis added).

It is apparent from the reading of the complaint that the allegations are insufficient to allow a third party action. The plaintiff does not allege that the Government as the third party defendant is liable in whole or in part to the original defendant/third party plaintiff Carvalho. Rather, the complaint alleges that the Government as the third party defendant is solely and exclusively liable to the original plaintiff, Andrew. The third party action is not properly maintainable on the allegations presented in this third party complaint.

In view of the statements above, this court need not consider the Tort Claims questions raised by the Government. Such questions would have to be addressed in an action in which there is found to be a true impleader situation. The action filed against the Government here lacks the characteristics of a proper impleader action and is, therefore, not an appropriate complaint to treat as an impleader nor questions which may arise subsequent to an impleader action.

## JUDGMENT

In accordance with the reasons stated in this Memorandum Opinion, the motion of the Government to dismiss the Third Party Complaint is hereby GRANTED.