JOVITO GONZALEZ, Individually, and LILLY GONZALEZ, a Minor, by JOVITO GONZALEZ, her natural father, Plaintiffs

v.

WILLIAM STEVENS and GOVERNMENT OF THE VIRGIN ISLANDS, Defendants

Civil No. 82-191

District Court of the Virgin Islands

Div. of St. Thomas and St. John

March 22, 1983

ALEXANDER A. FARRELLY, ESQ. (BIRCH, DEJONGH & FARRELLY), St. Thomas, V.I., *for plaintiffs*

SUSAN BRUCH, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for defendants*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

How much information is necessary to describe the "nature" of a claim submitted to the Office of the Governor under the Virgin Islands Tort Claims Act, 33 V.I.C. §§ 3408–3415? That is the question presented in a motion, now before the Court, to dismiss this personal injury action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). For the reasons which follow, the motion will be denied.

The Government offers a new refrain in what has become a familiar theme in the courts of this territory. It argues not that the claimants herein were delinquent in submitting their claim in accordance with 33 V.I.C. § 3409, but that the document setting forth the claim failed to provide a sufficient *description* of the "nature" of the claim as defined by § 3410, and that such a defect warrants a dismissal of the subsequently filed complaint.

It is undisputed that in the case sub judice, a document denominated as a "Notice of Intention to File" was submitted by counsel for the claimants to the Office of the Governor within ninety days of the

516

date on which the claim accrued. As to the place of submission and the timeliness of submission, claimants complied fully with §§ 3409 and 3410.

The document at issue contained the following information: (1) the names of the claimants; (2) the date on which the claim arose; (3) the location at which the claim arose ("in the area of the public road at the intersection of the Fort Mylner road"); (4) the types of injuries for which recovery would be sought ("property and bodily injury"); (5) the legal theory on which recovery would be sought ("negligence"); and (6) the amount of recovery sought for each claimant. In addition, the submitted notice was verified.

Section 3410 of the Tort Claims Act provides as follows:

> The claim or notice of intention shall be filed in the Office of the Governor and a copy shall be served upon the Attorney General and a written receipt therefor shall be issued with the date of filing indicated thereon. The claim shall state the time when and the place where such claim arose, the nature of same, and items of damage or injuries claimed to have been sustained and the total sum claimed. The notice of intention to file a claim shall set forth the same matters except that the items of damage or injuries and the sum claimed need not be stated. The claim and notice of intention to file a claim shall be verified.

It appears then that the document challenged herein met the requirements relating to time, place, and "items of damages".[1] The sole remaining issue is whether the document set forth an adequate description of the "nature" of the claim within the meaning of the Tort Claims.

It has been repeatedly held—at the Government's urging— that the submission of the "notice of intention" or the "claim" contemplated by §§ 3409 and 3410 of the Act is not synonymous with the commencement of a civil lawsuit. Pickering v. Government, 19 V.I. 271 (D.V.I. 1982); Richards v. Government, 10 V.I. 6, 8 (D.V.I. 1973) (submission to Office of the Governor is "in addition to rather than in lieu of, the ordinary legal proceedings"); Mercer v. Government, 18 V.I. 171 (Terr. Ct. 1982). Hence logic dictates that the filings described in § 3410 need not describe the "nature" of the claim with the particularity required of a civil complaint under Rule 8, 9,

---

[1] By so including the items of damage, the document constituted a "claim" within the meaning of § 3410 notwithstanding its caption description as a "notice of intention to file a claim."

or 12(b) of the Rules of Civil Procedure.[2] Compliance with the notice and filing provisions of the Tort Claims Act is of course the principal condition upon which the Government has waived its immunity from tort liability, 33 V.I.C. § 3408, and failure to comply with these prerequisites will deprive the court of jurisdiction to consider the matter. George v. Boynes, 13 V.I. 582 (D.V.I. 1977). Unlike the private litigant, the Government is afforded a "preview" as it were, of its potential liability in the form of the ninety-day notification described in § 3410. Such notification serves "to achieve the Act's strong underlying policy in favor of adjusting tort claims . . . without resort to litigation." Pickering v. Government, supra, at 274.

The "claim" at issue, while submitted in a timely fashion, failed to set forth which specific acts or omissions of the Government allegedly caused the claimants' injuries.[3] However, we do not believe that such a defect has prejudiced the Government to a degree which warrants the drastic sanction of dismissal of the complaint. If a timely submitted claim, when read in its entirety, comports with the "Act's goal of affording the appropriate government officials ample opportunity to investigate and . . . assess the Government's probable liability," Pickering v. Government, supra, at 276, and is not otherwise misleading or deceptive, then it has adequately described the "nature" of the claimant's grievance within the meaning of 33 V.I.C. § 3410. Given the restrictive ninety-day filing deadline which is imposed upon claimants proceeding under the Tort Claims Act, it should be incumbent upon the Government to fill in any informational gaps in the submitted claim documents well in advance of the time that the claimants actually commence a lawsuit. While the notification to the Office of the Governor should set forth more than mere conclusory allegations of the Government's liability, it need not

---

[2] It is for this reason that the New York cases upon which defendant relies are inapposite. Although the Virgin Islands Tort Claims Act was "primarily . . . drawn from" the New York Court of Claims Act, N.Y. Judiciary Law, §§ 8–12 (McKinney 1981), Dublin v. Virgin Islands Telephone Corp., 15 V.I. 214, 221 (Terr. Ct. 1978), the filing requirements contained in the two statutes differ in one dramatic respect. The New York act provides that the filing of a "claim" actually triggers the commencement of a lawsuit in the state Court of Claims. By contrast, neither the "notice of intention" nor the "claim" described in our act amounts to a civil complaint. In Bye v. New York State, 394 N.Y.S.2d 381, 383 (Ct.Cl. 1977) the Court of Claims acknowledged that a document which is "not the vehicle for commencing a lawsuit" cannot properly be made "the subject of attack as substantively insufficient because there [is] nothing to dismiss."

[3] As the defendant correctly points out, the submitted claim neglects to describe the precise manner in which the injuries were caused (automobile collision) or the instrumentality which allegedly caused the injuries (a government owned truck).

518

allege each of the elements necessary to survive a Rule 12(b)(6) motion nor provide a precise legal theory upon which recovery is sought. In the absence of any evidence of irreparable prejudice or surprise, the deficiencies of a § 3410 claim as challenged herein, will not suffice as a basis for dismissal of a complaint.

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the motion of the defendant to dismiss the complaint be, and the same is hereby, DENIED;

IT IS FURTHER ORDERED the motion of plaintiff for the entry of the default of defendant William Stevens be, and the same is hereby, DENIED.

