**JUAN MARTINEZ, Plaintiff**

v.

**CHARLES FRAZER, Defendant/Third-Party Plaintiff**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, Third-Party Defendant**

Civil No. 651/1982

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

October 23, 1987

DESMOND L. MAYNARD, ESQ., St. Thomas, V.I., *for plaintiff*

JAMES L. HYMES, ESQ., St. Thomas, V.I., *for defendant/third-party plaintiff*

EDWARD WASCOE, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for third-party defendant*

HODGE, *Presiding Judge*

## MEMORANDUM OPINION

### I. INTRODUCTION

This motion to dismiss the third-party complaint filed by the Third-Party Defendant, Government of the Virgin Islands (Government), raises for reconsideration the question of what is the date of accrual of an action for contribution, where the claim is based on tortious conduct, and where the alleged tortfeasor is the Government. It also raises the question of whether the Virgin Islands Tort Claim Act (VITCA) is applicable in such cases, and, if so, whether the VITCA requirements have been satisfied.

While the common law establishes the date of accrual of a tort at the date of its occurrence, and the date of accrual of an action for contribution at the date of judgment, the conflict which results when the basis of the contribution claim is governmental tortious conduct must be resolved.

The Government contends that because it is charged with tortious conduct in the third-party complaint, Defendant/Third-Party Plaintiff Charles Frazer (Frazer) must comply with the requirements of VITCA, despite the characterization of his claim as one for contribution, and having failed to do so, he is therefore barred from recovery.

Frazer opposes the motion, alleging that the action is one for contribution which does not implicate the limitations of VITCA. Frazer further contends that even if the provisions of VITCA were applicable, they have been satisfied within the deadline as extended by the later date of accrual of an action for contribution. Moreover, Frazer claims that even if the time limits of VITCA were violated,

the motion to dismiss should be denied because he has substantially complied with its provisions.

The issues presented are: (1) whether the date of accrual of an action for contribution based on governmental tortious conduct is the date of occurrence of the tort, (2) whether the provisions of VITCA are applicable where the basis of the contribution claim is governmental tortious conduct, and (3) whether the applicable provisions of VITCA have been sufficiently complied with to satisfy its requirements.

For the reasons which follow, this Court holds (1) that the date of accrual of an action for contribution based on tort where the alleged tortfeasor is the government is the date of occurrence of the tort, (2) that the provisions of VITCA are applicable where the basis of the contribution claim is governmental tortious conduct, and (3) that the applicable provisions of VITCA have not been substantially complied with in this case. Accordingly, the Government's motion to dismiss will be granted.

## II. FACTS

This action arises out of an automobile accident in St. Thomas on May 15, 1982. Plaintiff Juan Martinez (Martinez) was traveling east while Frazer was traveling west on Veteran's Drive, when Frazer turned right, crossing Martinez' lane of traffic at the intersection near the Windward Passage Hotel parking lot, and collided with Martinez' vehicle. There is no traffic light installed at that intersection.

On August 6, 1982, Martinez filed suit in tort against Frazer, alleging Frazer's negligence in causing the accident. The Government was not sued by Martinez.

On September 16, 1983, Frazer filed a third-party complaint against the Government, alleging its failure to install a traffic light at the intersection where the accident occurred, and that such failure contributed to the accident. Frazer served an unverified copy of the third-party complaint on the Office of the Governor on October 24, 1983. The government answered the third-party complaint on November 4, 1983, denying any negligence and claiming that Frazer failed to comply with the provisions of VITCA.

56

On November 4, 1983, Frazer's attorney wrote a letter to the Assistant Attorney General, who had filed the Government's answer, advising him that the matter was being settled out-of-court between Martinez and Frazer, and inviting the Government to contribute to the settlement.[1] By letter dated November 8, 1983, the Government responded, again denying liability and any claim for contribution.

On November 28, 1983, Martinez received payment from Frazer in settlement of his claim, and a Stipulation of Dismissal as between Martinez and Frazer was entered on January 5, 1984. On May 17, 1984, the Government filed its motion to dismiss claiming that as the alleged tortfeasor it was entitled to the protection of VITCA requirements from the date of the tort, and that Frazer's failure to comply with those requirements deprives this court of subject matter jurisdiction, despite Frazer's contention that the action is one for contribution accruing on the date of settlement. On July 15, 1985, Frazer filed a motion seeking a retroactive order to establish his administrative tort claim against the Government, contending in the alternative that even if VITCA is applicable he has substantially complied with its provisions.

## III. DISCUSSION

### A. *Date of Accrual*

In Dublin v. V.I. Tel. Corp., 15 V.I. 214 (Terr. Ct. 1978) it was held, inter alia, that where the underlying basis for a third-party complaint for contribution against the government sounds in tort, the complaint also sounds in tort for purposes of the 90-day notice requirement of VITCA.[2] It was also held that the date of accrual of such an action for contribution is either the date of judgment or the date of satisfaction of judgment.[3]

---

[1] Although Frazer's third-party complaint was entitled "Action for Damages", both Frazer and the Government have treated it as one for contribution, based on the alleged underlying governmental tortious conduct.

[2] We agree with the Dublin court that an action for contribution is distinct from the underlying cause of action on which it is based, and properly rejected the view that it sounds in implied contract when the basis is tortious conduct. Id. at 230.

[3] The court in Dublin found it unnecessary to decide whether the date of judgment or the date of satisfaction of judgment was the better rule. Id. at 240. Similarly, it did not address the effect of a settlement before or after judgment.

■■ While this court agrees that such an action sounds in tort to which the VITCA provisions apply, we disagree with Dublin in its holding regarding the date of accrual. This court holds that where the underlying basis of an action for contribution is governmental tortious conduct, the date of accrual of that cause of action is the date of occurrence of the tort.

■ In justifying its accrual decision the Dublin court, while contending that stale actions must be avoided and that tort immunity yields contribution immunity, nevertheless concluded that if it applied the "date of the tort" as the date of accrual, the injured party could preclude the defendant/third-party plaintiff from recovering by simply delaying the filing of its complaint. This rationale is faulty because a potential defendant/third-party plaintiff does not have to await the filing of a complaint in court by an injured party before filing its administrative notice of intent or claim against the government within the ninety-day period after the occurrence of the tort.

Too often the distinction between the filing of an administrative claim or notice of intent, and the filing of a civil complaint in court is overlooked or ignored. By this oversight, there is a failure to understand that anyone with a potential claim against the government involving tortious conduct can and should protect himself by the timely filing of a Notice of Intent or Claim based on the date of the tort. VITCA does not require what the Dublin court implies—that one must await the filing of a complaint against him before he can protect and perfect his claim against the government.

■ When Dublin was decided in 1978 the distinctions between the administrative filings pursuant to VITCA and the judicial filings pursuant to the statute of limitations had not been analyzed by the courts to the extent that they have been today. Since then it has been repeatedly held that the submission of a "notice of intent" or a "claim" contemplated by §§ 3409 and 3410 of VITCA is not synonymous with the commencement of a civil lawsuit. Pickering v. Government of the Virgin Islands, 19 V.I. 271 (D.V.I. 1982); Mercer v. Government of the Virgin Islands, 18 V.I. 171 (Terr. Ct. 1982). Gonzalez v. Stevens, 19 V.I. 515 (D.V.I. 1983). Thus, any contention that a potential claimant against the government must await the filing of a civil proceeding before filing his administrative claim is erroneous, for it is now well settled that there is not only a distinction between the times for filing with the

government and with the courts, but also between the administrative claim and the civil complaint. Accordingly, for the purpose of preserving a right of contribution against the government, based on tortious conduct, one need only to file a "notice of intention" or a "claim" with the Governor, copy to the Attorney General, within ninety days of the tort.

It is therefore clear that the date of accrual of an action for contribution based on governmental tortious conduct does not depend "on the vagaries of a plaintiff's timeliness in asserting his claim . . . ." Dublin, supra, at 238. Instead, it depends only upon the date of the tort, from which a participant in the incident may make an immediate evaluation of the potential claim or liability of all parties involved. After the evaluation, the participant may protect himself from potential liability by complying with the time limitations of VITCA, without waiting to be sued by someone else before asserting his claim.

This holding is consistent with the decision of the Third Circuit regarding cross-claims between co-defendants in Hodge v. Monsanto, 16 V.I. 70 (3d Cir. 1979). In that case, Monsanto (a co-defendant with the Government) did not file his complaint against the Government until after he had been sued by the Hodges. Stating that the cross-complaint must be treated as an independent suit, the court held that it had to be governed by the limitations of VITCA from the date of the tort, and dismissed Monsanto's cross-complaint for failure to comply with those deadlines. This decision was made as to Monsanto although the Hodges had timely filed their own administrative claim with the Government pursuant to VITCA and although it related to the same auto accident. This holding is significant because it dismissed a cross-complaint despite the actual knowledge of the incident by the Government. A fortiori, this third-party complaint should be dismissed because of Frazer's failure to meet the VITCA deadlines. See Part C, infra. It is therefore obvious that the Third Circuit could find no exception for cross-claimants and expected them to be no less diligent than other claimants. This principle must also apply to third-party claimants in order to avoid judicial legislation in which the court creates its own exceptions. Such exceptions must be made by the Legislature, not the courts.

Further, proof of the need to abandon Dublin is the anomaly which can result from its inconsistencies. While Dublin recognizes that the "strong public policy of the Virgin Islands with respect to tort claims against the Government . . . argues against the presentation of stale claims" Dublin, supra, at 232, its holding that the date of accrual is the date of judgment completely frustrates that public policy, and could effectively deny notice to the Government for as much as five years after the occurrence of the underlying tort.[4]

Thus, under Dublin the government can be taken by surprise many years after an accident, and can therefore be effectively denied an early opportunity to investigate the tort, to obtain and preserve facts and records related thereto, and to settle the matter administratively. This probability is clearly contrary to VITCA and is in direct contradiction to the basis upon which the Government waived its immunity and consented to be sued. See the proviso in 33 V.I.C. § 3408.

■ Accordingly, this court holds that Dublin should be abandoned, and that the date of accrual of an action for contribution based on governmental tortious conduct is the date of the underlying tort.

B. *Applicability of VITCA*

■ VITCA provides specific guidelines that must be followed in order to maintain an action sounding in tort against the Government. Under VITCA, the Government waives its immunity from liability in tort and consents to have its liability determined in accordance with the laws applied to individuals and corporations, provided that the claimant complies with its provisions. 33 V.I.C. § 3408. A claimant's failure to comply with the procedural requirements of VITCA nullifies the Government's waiver of immunity and consent to be sued, and thus deprives the court of subject-matter jurisdiction. Mercer v. Government of the Virgin Islands, 18 V.I. 171 (Terr. Ct. St. T. and St. J. 1982).

---

[4] Since under Dublin the third-party plaintiff can wait until judgment or satisfaction of judgment to begin counting the 90-day notice requirement, the Government may not be notified of the underlying tort until after (1) the filing of the complaint by the plaintiff against the third-party defendant *two years* after the accident and (2) the average *three-year* period of delay before judgment in civil cases, a total of five years.

VITCA also sets forth time limitations within which one may file a claim against the Government. It requires that a claim be filed within ninety (90) days after its accrual, unless within that time claimant files a notice of intention to file a claim, in which event, claimant will have two years from the date of accrual to file his claim. A claimant may, in the discretion of the court, be allowed to file a late claim within two years after accrual of the claim upon a motion showing reasonable excuse for the failure to file, actual knowledge of the facts by the Government, and that the Government has not suffered any substantial prejudice by the lack of timely filing. 33 V.I.C. § 3409(c).

As previously noted, the accident that gave rise to this complaint occurred on May 15, 1982, but it was not until September 16, 1983, that Frazer brought this action against the Government by way of a third-party complaint filed in court. No administrative claim was filed within the 90-day limit, no notice of intent was filed within the 90-day limit that would have extended the claim-filing deadline to two years, and no motion or application to file a late claim has been made. Indeed, there has been no compliance with the administrative provisions of VITCA by Frazer.

Frazer contends that since his action against the Government is for contribution, the cause of action for the purpose of the 90-day requirement did not accrue on the date of the accident, May 15, 1982, but rather on the date of settlement of the underlying claim between himself and Martinez, that date being November 28, 1983. To support this contention, Frazer relies on Dublin, supra.

■ This court disagrees with Dublin, supra. It is obvious that an administrative claim or notice thereof may be filed without regard to the statute of limitations for filing civil complaints in court. Indeed, such an administrative claim may lead to prompt settlement and avoid a civil action. Moreover, it is settled that the claim or notice of intention to file a claim need not be described with the particularity required of a civil complaint. Gonzalez v. Stevens, 19 V.I. 515 (D.C.V.I. 1983). For Frazer to have filed a proper notice of intention to file a claim against the Government, he needed only include statements as to when the claim arose, where the claim arose, the nature of the claim, and a verification. 33 V.I.C. § 3410; McBean v. Government of the Virgin Islands, 19 V.I. 383 (Terr. Ct. St. T. & St. J. 1983), 33 V.I.C. § 3410.

61

In view of these simple requirements, this court sees no reasonable basis for the contention that Frazer had to wait for Martinez to file a civil action against him in order for him to protect his claim against the Government. Certainly ninety (90) days was ample time for him to evaluate the incident and to determine if he considered the Government to be contributorily negligent for the lack of a traffic light. If he had done so and had filed a timely notice of intention, he would then have preserved his claim and protect his right to file a civil lawsuit or a third-party complaint against the Government when it became necessary. Likewise, the Government would have received prompt notice of a possible action against it, thus affording it ample opportunity to investigate its liability, if any. Under the rationale of Dublin, any prompt notice to the Government would be completely eliminated, thereby totally frustrating the purpose of the notice requirement of VITCA. See, Part A, supra.

■ Accordingly, this court concludes that the VITCA time limits for the filing of an administrative claim or notice of intent is not extended by the filing of a civil action for contribution based on tortious conduct. To accept Frazer's contention would, in effect, allow him to do indirectly that which VITCA prohibits him from doing directly. For the purpose of avoiding unfair prejudice to the Government and in order to uphold the guidelines and requirements set out in VITCA, the 90-day limitation for a claimant to file a claim or notice of intent against the Government must start to run on the date of the occurrence of the tort, and therefore in cases such as this VITCA is applicable, despite the contribution claim.

C. *Compliance with VITCA*

In his retroactive motion Frazer contends that the third-party complaint and the letter to the Assistant Attorney General constitute substantial compliance with VITCA, and he maintains that to dismiss his complaint for failure to comply with its provisions would be unduly harsh. As a basis for his contention he relies on Pickering v. Government, 19 V.I. 271 (D.C.V.I. 1982). In Pickering, the District Court held that a timely filed civil action against the Government should not be dismissed with prejudice where there has been substantial compliance with the administrative prerequisites, and where the notice of intent was timely filed within 90 days after the tort with those government officials

designated by § 3410. In compliance with § 3409(c), Pickering had filed a written notice of intention within 90 days after the incident. Within the two-year limitations period, Pickering filed a civil complaint against the Government, but had failed to file an administrative claim pursuant to § 3409(c). The court decided that rather than dismiss the complaint with prejudice, claimant may seek leave of the court to have the original notice deemed a claim within the meaning of VITCA.[5]

Unlike the claimant in Pickering, Frazer was not in "substantial compliance" with VITCA. In fact, he had not complied with its provisions at all. As stated previously, he did not file a notice of intention nor a claim within 90 days after the incident, nor a motion to file a late claim within two years after the accident. The accident occurred in May 1982 and it was not until September 1983 that he filed a third-party civil action against the Government, and not until July 15, 1985, did he file his nunc pro tunc motion. He never filed an administrative notice or claim. Furthermore, the third-party complaint that was served on the Office of the Governor did not meet the requirements of a notice of intention or claim as set forth in § 3410 as it was not verified, nor was it served upon the Attorney General. Even the letter sent to the Attorney General's Office in November 1983 by Frazer did not comply with the foregoing section so as to be considered proper notice of a claim. That letter merely informed the office of a possible settlement between Frazer and Martinez, and stated that Frazer intended to seek contribution from the Government. It gave no information with regard to the time, place, or nature of the incident giving rise to the claim.

Section 3409(c) does provide for the filing of a late administrative claim, in the discretion of the court, upon motion or application of a tardy claimant. However, such application for permission must be filed within two years after accrual of the claim. More than two years elapsed in this case. Here the accident occurred on May 15, 1982, but it was not until July 15, 1985, that Frazer filed his motion for a retroactive order. Even if that motion is considered to be such an application, it has not been filed within the two-year limitation, and therefore cannot be granted.

---

[5] The difference between the requirements of a notice and that of a claim is that a "notice" must state the time, place and nature of the claim, and a "claim" must state the above information *in addition to* the items of damage or injuries claimed to have been sustained and the total sum claimed. 33 V.I.C. § 3410.

■ Such gross noncompliance with VITCA cannot be excused. This court's responsibility is to interpret the law, not rewrite it. So long as a cause of action fails within the purview of VITCA, as in this case, the claimant must strictly adhere to its procedural requirements. Monsanto v. Government of the Virgin Islands, 20 V.I. 446 (Terr. Ct. St. T. and St. J. 1984). Indeed, § 3409 commands the court that "no judgment shall be granted in favor of a claimant" unless that claimant complied with the applicable time limitations. Frazer's failure to satisfy those requirements in any substantial way deprives this court of jurisdiction to render judgment in his favor.

## IV. CONCLUSION

■ Compliance with VITCA is a prerequisite to a cause of action against the Government in tort, whether that action is filed as a complaint, a cross-claim, or a third-party complaint, and whether treated as an action for contribution, an action for damages, or otherwise. VITCA is designed to waive the Government's sovereign immunity under certain strict conditions only. It unequivocally states that the Government consents to be sued only on the condition that the claimant complies with the provisions of the chapter. Absent full or substantial compliance, the court lacks subject matter jurisdiction to entertain such a suit. In this case, it is clear that Frazer did not comply in any substantial way with the provisions of VITCA. Accordingly, his claim against the Government must be dismissed for lack of subject matter jurisdiction.

## ORDER

In accordance with this Court's Memorandum Opinion of October 23, 1987, in the matter herein, it is hereby,

ORDERED, that the Third-Party Defendant's motion to dismiss the Defendant/Third-Party Plaintiff's complaint is GRANTED; and it is further,

ORDERED, that the Third-Party Complaint is DISMISSED WITH PREJUDICE, and it is further,

ORDERED, that each party shall bear its own costs and fees.