**BRAD ROBBINS, Plaintiff**

**v.**

**PORT OF SALE, INC., MOJO'S RUM & SURF SHACK, LLC, THE ROCK NIGHT CLUB & LOUNGE, LLC, and ASHANA N. POWELL, Defendants**

**THE ROCK NIGHT CLUB & LOUNGE, LLC, Third-Party Plaintiff**

**v.**

**INTERSCOPE SECURITY, INC., and COMMERCIAL SECURITY SERVICES LTD., INC., Third-Party Defendants**

Case No. ST-12-CV-90

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

March 6, 2015

DARYL C. BARNES, ESQ., Bryant, Barnes, Blair & Benoit, LLP, Christiansted, St. Croix, USVI, *Attorney for Commercial Security Services, Ltd., Inc.*

151

JOSEPH J. GOLDBERG, ESQ., Cole, Scott & Kissane, P.A., Miami, FL, *Attorney for Port of Sale, Inc.*

RYAN C. MEADE, ESQ., Quintairo, Prieto, Wood & Boyer, P.A., Miami, FL, *Attorney for Interscope Security, Inc.*

CHARLES S. RUSSELL, JR., ESQ., Moore, Dodson & Russell, P.C., St. Thomas, USVI, *Attorney for Mojo's Rum & Surf Shack, LLC.*

STACEY L. WHITE, ESQ., Stacy L. White, P.C., Christiansted, USVI, *Attorney for Port of Sale, Inc.*

MICHAEL L. SHEESLEY, ESQ., Michael L. Sheesley, P.C., St. Thomas, USVI, *Attorney for Brad Robbins.*

W. MARK WILCZYNSKI, ESQ., Law Office of W. Mark Wilczynski, P.C., St. Thomas, USVI, *Attorney for The Rock Nightclub & Lounge, LLC.*

MACKAY, *Judge*

## MEMORANDUM OPINION

(March 6, 2015)

**THIS MATTER** is before the Court on Third-Party Defendant Interscope Security's Motion to Dismiss Third-Party Complaint.[1] Interscope moves to dismiss Third-Party Plaintiff The Rock Night Club & Lounge's Third Party Complaint pursuant to FED. R. CIV. P. 12(b)(6) (as incorporated by SUPER. CT. R. 7) for failure to state a claim upon which relief can be granted. Interscope argues that The Rock's third-party actions for contribution and indemnity are impermissible, because the statute of limitations for the predicate tort has expired and Interscope can no longer be found liable to the plaintiff in tort.

### I. Background

Plaintiff Brad Robbins alleged in his Complaint that he sustained serious bodily injury and permanent physical disability after Defendant Ashana N. Powell attacked him with a broken beer bottle on March 1, 2010 in a parking lot at Havensight Mall. Complaint at 1-4, Robbins v.

---

[1] Filed on November 14, 2014. Defendant and Third-Party Plaintiff The Rock Night Club & Lounge filed its opposition on November 19, 2014. Interscope did not file a reply.

Port of Sale, ST-12-CV-90 (V.I. Super. Ct. Mar. 1, 2012). On March 1, 2012, he filed a Complaint with the Court naming as defendants Powell and three businesses located near the attack, including The Rock. *Id.* at 1-2. Robbins alleged that an altercation that began in The Rock spilled into a nearby parking lot, and there culminated in the beer bottle assault. *Id.* at 2-3. His pleadings included claims against The Rock for negligent and reckless conduct on the grounds that The Rock's security was not adequate to prevent his injuries. *Id.* at 6.

On September 10, 2014, the Rock filed a Third Party Complaint against Interscope and Commercial Security Services, Ltd. with the Court's permission.[2] The Rock alleged that it had contracted with Interscope to provide security at The Rock and that another of the Havensight businesses, Port of Sale, had contracted with Commercial to provide security for the common areas between the businesses. Third Party Complaint at 1-3, Robbins v. Port of Sale, ST-12-CV-90 (V.I. Super. Ct. Sept. 10, 2014). The Rock sued for indemnity and contribution, arguing that Interscope, as the party responsible for security by contract, should be liable for some or all of the damages, if any, which resulted from inadequate security. *Id.* at 3-4.

Interscope moved to dismiss, arguing that indemnity and contribution actions can only succeed when the defendant is "or may be liable" for the same harm as the plaintiff.[3] Motion to Dismiss Third-Party Complaint at 7, 9, Robbins v. Port of Sale, ST-12-CV-90 (V.I. Super. Ct. Nov. 14, 2014) (citing RESTATEMENT (THIRD) OF TORTS §§ 22-23 (2000)). The statute of limitations for personal injury actions in the Virgin Islands is two years, V.I. CODE ANN. tit. 5, § 31 (West, Westlaw through 2013 Act 7578), and that statute of limitations had long expired by the time The Rock filed its third-party complaint. Therefore, Interscope claims it is not possibly liable to Robbins and, as a result, The Rock cannot maintain a claim for indemnity or contribution against Interscope. *Id.* at 7-10. Or, stated another way, Interscope claims that the definitions of indemnity and contribution incorporate the statute of limitations for the predicate tort by implication. The Rock opposed the motion arguing that indemnity and

---

[2] Requested on March 19, 2014 and granted on August 27, 2014.

[3] That is, the plaintiff in the indemnity or contribution action, not the plaintiff in the predicate tort action.

contribution are derivative actions separate from the predicate tort and not subject to the same filing limitations as the original tort itself.

Since all sides agree that The Rock filed its Third Party Complaint more than two years after Robbins's alleged attack, the question presented to the Court is a question of pure law that is dispositive for Interscope's motion.

## II. Analysis

Neither party has identified a statute[4] or a binding decision from an authoritative court that plainly establishes whether the limitations of actions for indemnity and contribution are the same as the predicate tort's. Both parties agree, therefore, that it is incumbent on the Court to establish the rule for the Virgin Islands' nascent common law, pursuant to *Banks v. International Rental & Leasing Corp.*, 55 V.I. 967 (V.I. 2011), and *Government of the Virgin Islands v. Connor*, 60 V.I. 597 (V.I. 2014). *Banks* and *Connor* provide some guidance to the common law-making process by encouraging a three-step analysis: first, the Court should "ascertain whether any . . . local courts have considered the issue" of the scope of limitations of actions for indemnity and contribution "and rendered any reasoned decisions upon which litigants may have grown to rely." *Connor*, 60 V.I. at 603. Second, the Court should take notice of the "position taken by a majority of courts from other jurisdictions" and consider "the potentially different ways that other states and territories have" limited actions for indemnity and contribution. *Id*. Finally, the Court must, in light of the findings from the Virgin Islands and elsewhere, determine and adopt the best and most appropriate rule "based on the unique characteristics and needs of the Virgin Islands." *Id*. The analysis is straightforward in this case.

### A. Virgin Islands Case Law

Only one pre-*Banks* Virgin Islands case squarely addressed whether the limitation of action for contribution is coterminous with the predicate tort's. *Beloit Power Systems, Inc. v. Hess Oil Virgin Islands Corp.*, 561 F. Supp. 279, 19 V.I. 519 (D.V.I. 1983), *overruled on other grounds by*

---

[4] Section 31 of Title 5 of the Virgin Islands Code only identifies a two-year limitation for personal injury actions and a ten-year residual limitation of all actions not otherwise specified. The clock begins to run when "the cause of action shall have accrued."

*Beloit Power Systems, Inc. v. Hess Oil Virgin Islands Corp.*, 757 F.2d 1427 (3d Cir. 1985). In *Beloit*, Beloit Power sued Hess Oil for contribution for injuries sustained by a worker who was installing Beloit equipment at the Hess Oil refinery in July 1974. *Id.* 19 V.I. at 522. Hess Oil argued that Beloit's contribution claim, filed in April 1980, was long since time-barred. Relying on the Restatement (Second) of Torts, the District Court of the Virgin Islands held that "[a] cause of action for contribution does not arise until full payment has been made by the tortfeasor seeking contribution," *id.*, 19 V.I. at 531, and that because Beloit's insurer had not paid the injured worker until January 1980, the clock had only been running for three months when Beloit filed for contribution. Beloit's situation is nearly identical to The Rock's: both filed for contribution past the date by which the plaintiff in tort could have sued the third-party defendant. The primary difference is that Beloit had already paid a judgment to the injured worker and so had started its clock, whereas The Rock is even earlier in the process, not having sustained a judgment or settlement in favor of Robbins to date.

A different line of cases suggests that actions for contribution and indemnity generally have different limitations than the predicate tort, particularly in terms of the date on which the cause of action accrues. *See Dublin v. Virgin Islands Telephone Corp.*, 15 V.I. 214 (V.I. Terr. Ct. 1978) (holding that a claim for contribution or indemnity does not accrue on the date of the tort); *Martinez v. Frazer*, 23 V.I. 53, 57 n.2 (V.I. Terr. Ct. 1987) ("We agree with the Dublin court that an action for contribution is distinct from the underlying cause of action on which it is based"); *Remy v. Kmart Corp.*, 2008 U.S. Dist. LEXIS 41584, at *3 (D.V.I. 2008) (Maj. Op.) ("Defendant asserts that its third-party complaint is not time-barred because actions for contribution are derivative and accrue from the date of judgment or satisfaction of the judgment. Generally, this assertion is correct"). However, despite providing commentary on contribution and indemnity limitations generally, usually in dicta, these particular cases ultimately concerned limitations of actions arising under the Virgin Islands Tort Claims Act, V.I. CODE ANN. tit. 33, §§ 3408-3413 (West, Westlaw through 2013 Act 7578), which is not implicated here.[5]

---

[5] In fact, *Martinez* and *Remy* found that, despite the general rule, the limitations of actions for indemnity and contribution are coterminous with the predicate tort under the statute.

The parties also cited to a handful of cases that address contribution and indemnity more generally, often relying heavily on the Restatements. However, they do not address the limitation question at issue in this case. *See Beloit Power Systems, Inc. v. Hess Oil Companies, Inc.*, 18 V.I. 317 (D.V.I. 1981); *Kelvin Manbodh v. Hess Oil Virgin Islands Corporation*, 47 V.I. 375 (V.I. Super. Ct. 2006); *Vandenhouten v. Olde Towne Tours, LLC*, 52 V.I. 551 (D.V.I. 2009); *Whitecap Inv. Corp. v. Putnam Lumber & Exp. Co.*, 2013 U.S. Dist. LEXIS 39062 (D.V.I. March 21, 2013); *Davis v. Sunrise Med. US, LLC*, 2013 U.S. Dist. LEXIS 99711 (D.V.I. July 17, 2013). The modest volume of relevant cases does not suggest that Virgin Islands litigants "have grown to rely" on a particular rule, although it does point weakly toward a finding against coterminous limitations of actions.

## B. Practice in Other Common Law Jurisdictions

The practice of the wider world of American common law is substantially more helpful to the Court's analysis. "The rule generally recognized in most jurisdictions is that the cause of action for contribution or indemnity based upon tort is distinct from the cause of action for the underlying tort, and the time when the statute of limitations starts to run upon such cause of action is not when the tort is committed, but when the underlying claim, a judgment thereon, or a settlement thereof is paid or discharged." Maurice T. Brunner, Annotation, *When Statute of Limitations Commences to Run Against Claim for Contribution or Indemnity Based on Tort*, 57 A.L.R.3D 867, *2 (February 10, 2015). The Restatement (Third) of Torts, which both parties agree is the most persuasive secondary source for issues of contribution and indemnity, is unambiguous in saying that the limitation of action for the predicate tort does not similarly time-bar derivative indemnity and contribution actions. *See* RESTATEMENT (THIRD) OF TORTS: APPORTIONMENT OF LIABILITY § 22 cmt. d (2000) ("A potential indemnitor is not protected from indemnity when the indemnitor would not have been liable to the plaintiff solely because of a statute of limitation."); RESTATEMENT (THIRD) OF TORTS: APPORTIONMENT OF LIABILITY § 23 cmt. k (2000) (". . . a person is not protected from contribution by the fact that the plaintiff would be precluded from recovery because of a statute of limitation."). For each cause of action, the particular law of the relevant jurisdiction governing limitations of actions should establish the deadlines for indemnity and contribution actions. RESTATEMENT (THIRD) OF TORTS: APPORTIONMENT

OF LIABILITY § 22 cmt. d (2000); RESTATEMENT (THIRD) OF TORTS: APPORTIONMENT OF LIABILITY § 23 cmt. k (2000).

■ The Restatement (Second) of Torts, although more prescriptive than the Restatement (Third), aligns with the same result. *See* RESTATEMENT (SECOND) OF TORTS § 886A cmt. g (1979) (". . . the cause of action for contribution cannot arise until full payment has been made, which may be a great deal later than the original injury. The contribution suit should therefore be made subject to its own statute of limitations, sufficiently short to afford protection against undue extension of the tortfeasor's liability.").[6] The Third Circuit confirmed the same rule in *Sea-Land Service Inc. v. United States*, 874 F.2d 169 (3d Cir. 1989), holding that "the general rule [is] that a cause of action for contribution does not arise until the party seeking contribution has paid, or had a judgment rendered against [it] for, more than [its] fair share of common liability." *Id.* at 171.[7] Interscope provided no evidence that its preferred rule has been adopted anywhere.

## C. Virgin Islands Public Policy

■ Having found that the practice in the Virgin Islands and elsewhere favors treating limitations of actions for indemnity and contribution differently than limitations on their predicate torts, it still remains for the Court to satisfy itself that the reasoning behind this practice is sound for the Virgin Islands moving forward. The Court is persuaded on this score. The primary purpose of giving separate limitations "is that otherwise the injured party could foreclose a tortfeasor's right to contribution [or indemnity] by waiting to bring his action until just before the statute of limitations ran on his claim." Maurice T. Brunner, Annotation, *When Statute of Limitations Commences to Run Against Claim for Contribution or Indemnity Based on Tort*, 57 A.L.R.3D 867, *3A (February 10, 2015). The Rock's situation demonstrates the problem perfectly. Robbins did not file his complaint until exactly two years after the attack. Under

---

[6] The Restatement (Second) does not offer any equivalent commentary on Indemnity.

[7] This Third Circuit case originated in New Jersey in a federal admiralty action, although its conclusions concerning the statute of limitations quoted here do not rely on either New Jersey law or federal admiralty law. Had the case originated in the Virgin Islands, it might have resolved the question presented in this case such that recourse to *Banks* and *Connor* would be unnecessary.

157

Interscope's theory, The Rock would have had to implead Interscope on the very same day (in the unlikely event The Rock even received notice of the filing that day) or preemptively file for contribution and indemnity before knowing whether there would be a suit at all.[8]

The best argument in favor of coterminous limitations of actions stems from the observation that indemnity and contribution cases will turn on substantially similar evidence as the predicate tort itself. Because

> it is with rare exceptions that tortious conduct . . . is subject to documentation. [G]enerally, the proof rests on the testimony of the parties and their witnesses. The longer the delay of the plaintiff in the institution of his suit, the greater the likelihood that the evidence will be lost, memories blurred, or the witnesses become altogether unavailable. Potential defendants, therefore rightly are protected from the fear of litigation by the requirement that the injured party act with due diligence.

*Dublin*, 15 V.I. at 232-33. The same policy considerations that compel short limitations on tort actions might therefore similarly compel short limitations on the derivative indemnity and contribution actions. Although these considerations are forceful, the Court nonetheless holds that adopting the same rule as the majority of jurisdictions is the better course for the Virgin Islands, because it avoids the peculiar result of forcing responsible persons who fear potential litigation to preemptively file for indemnity or contribution before the plaintiff in tort files a complaint. Moreover, this decision does not require that the limitations on indemnity and contribution actions be non-existent; although the Court need not establish the precise limitations of actions for indemnity and contribution here, as it is not required for the decision, there is no reason those limitations cannot be made sufficiently short so as to vindicate the parties' interest in avoiding stale litigation.

◼ Therefore, the Court holds that the statute of limitations for contribution and indemnity in the Virgin Islands is not coterminous with the statute of limitations for the predicate tort; the causes of action for

---

[8] In *Martinez*, the Territorial Court concluded that this irregular timing issue was not a fatal problem. However, the Territorial Court decided *Martinez* based on the Virgin Islands Tort Claims Act, which provides litigants the option to extend the filing deadline by filing a notice of intent to file suit against the Government. The Tort Claims Act is not implicating in the current case as Interscope is not a government agency.

contribution and indemnity do not accrue at the time of the tort, but only when liability is discharged.

## III. Conclusion

Having found that the limitations of actions for contribution and indemnity in the Virgin Islands are not coterminous with the limitation of action for the predicate tort, Interscope's Motion to Dismiss Third-Party Complaint will be denied. An appropriate order will accompany this opinion.