592 F.2d 184
 Cheryl HODGE and Lynette Hodge, by their father and next
friend, Samuel Hodge, and Samuel Hodge, Individually,
v.
Vance MONSANTO,
v.
GOVERNMENT OF the VIRGIN ISLANDS, Appellant.
 No. 78-1629.
 United States Court of Appeals,
Third Circuit.
 Argued Dec. 12, 1978.
Decided Jan. 26, 1979.
 
 Robert Lee King, Deputy Asst. Atty. Gen., Dept. of Law, Charlotte Amalie, St. Thomas, V. I., for appellant.
 Michael P. Lehtonen, Lehtonen & Coleman, Charlotte Amalie, St. Thomas, V. I., for appellee, Monsanto.
 James L. Hymes, III, Grunert, Stout, Hymes & Mayer, Charlotte Amalie, St. Thomas, V. I., for appellees.
 Before SEITZ, Chief Judge, WEIS and GARTH, Circuit Judges.
 OPINION OF THE COURT
 WEIS, Circuit Judge.
 The government's unusual decision to pave around a tree stump instead of removing it from the roadway provided the proximate cause of a head-on collision between two automobiles on St. Thomas, Virgin Islands. In a suit brought against the government under the Virgin Islands Tort Claims Act, recovery by the driver and passengers of one vehicle will be affirmed. The other driver's failure to give timely notice of his claim to the government as provided in the statute, however, requires that the judgment in his favor be vacated.
 
 
 1
 Samuel Hodge and his daughters, Cheryl and Lynette, brought suit under the Tort Claims Act, V.I. Code Ann. tit. 33, §§ 3401-3413 (1967 & Supp. 1976), claiming damages for injuries received as a result of the Government of the Virgin Islands' negligence. Also named as a defendant was Vance Monsanto, who filed a cross-claim against the government for injuries stemming from the same incident. After trial, the district court found for the injured parties on all claims and awarded Samuel Hodge $13,896.50; Cheryl Hodge, $5,000; Lynette Hodge,.$20,931; and Monsanto, $25,000.
 
 
 2
 Plaintiffs Hodge were in their automobile proceeding in an easterly direction on Brookman Road, St. Thomas, Virgin Islands, when a second automobile, driven by Vance Monsanto and proceeding in the opposite direction, crossed over into the eastbound lane and collided with them. The accident occurred some time after sunset on the evening of August 23, 1973. The trial judge found that Monsanto's car had struck a tree stump located within a few inches of the paved surface, and that this impact deflected the vehicle to the opposite lane.
 
 
 3
 The government had cut down the tree about a year before, leaving a stump of about one to two feet in height. Some time before the accident the road was resurfaced, but instead of removing the stump the workmen paved around it. Testimony at trial revealed that the stump could have been removed in about two hours time and for a nominal cost. The government was obviously aware of the hazard, because it customarily placed flares on the stump. The court, however, found that none were there on the night of the accident.
 
 
 4
 Of the parties to this action, only the government was found negligent, and although it questions the findings, we conclude they were justified by the evidence in the case. In applying the clearly erroneous standard to the findings of fact, there is no reversible error.
 
 
 5
 An issue of more substance, however, is the government's contention that Hodge and Monsanto failed to comply with the procedural requirements of the Virgin Islands Tort Claims Act. Section 3409(c) provides:
 
 
 6
 "(A) claim to recover damages for injuries to property or for personal injury caused by the tort of an officer or employee of the Government of the Virgin Islands while acting as such officer or employee, shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claim.
 
 
 7
 "A claimant who fails to file a claim or notice of intention, as provided in the foregoing subsections, within the time limited therein for filing a notice of intention, may, nevertheless, in the discretion of the court, be permitted to file such claim at any time within two years after the accrual thereof, or in the case of a claim for wrongful death within two years after the decedent's death. The application for such permission shall be made upon motion based upon affidavits showing a reasonable excuse for the failure to file the notice of intention and that the Virgin Islands or its appropriate department or agency had, prior to the expiration of the time limited for the filing of the notice of intention, actual knowledge of the facts constituting the claim." V.I. Code Ann. tit. 33, § 3409(c) (Supp.1976).
 
 
 8
 On December 14, 1973, counsel for the Hodge plaintiffs forwarded separate letters to the Governor and Attorney General of the Virgin Islands stating that the injured parties intended to file an action for damages against the government. The Hodges filed suit in the district court on August 14, 1975, within the two-year time limit specified by the statute. In its answer, the government did not raise noncompliance with the notification procedure as a defense. On October 20, 1976, plaintiff filed an amended complaint which was verified. An Assistant Attorney General consented to the filing of the amended pleading, and again the answer did not refer to any failure to comply with the notification requirement of the statute. Only on the morning of trial did the government raise that defense as to the Hodges, and it was denied by the court.
 
 
 9
 The government contends that counsel's letter was untimely because it was filed some 23 days after the expiration of the statutory 90-day period. The Hodges point out that the statute gives the district court authority to extend the time period upon motion "showing a reasonable excuse for the failure to file the notice . . . ." In denying the government's defense, the court observed that in 1973 it had excused strict compliance with the time requirement because of counsel's unfamiliarity with the then new statute. See Richards v. Government of the Virgin Islands, 10 V.I. 6 (D.V.I. 1973); In re Steele, 9 V.I. 332 (D.V.I. 1973).
 
 
 10
 We note preliminarily that the statute entrusts decisions of this nature to the discretion of the court, tempered by several considerations: claimant's reasonable excuse for noncompliance, the government's actual knowledge of the facts giving rise to the claim, and the presence of actual prejudice to the government as a result of the late filing. In this case the government was aware of the facts because the police investigated the accident on the evening it occurred and filed a report showing knowledge of the tree stump's nexus to the incident. Additionally, the notice of claim was not filed so long after the 90-day period as to work a substantial prejudice against the government. Under the circumstances then, and given the newness of the statute, we perceive no abuse of the court's discretion.
 
 
 11
 The government also argues that the claim must be considered a nullity because it was not verified as required by § 3410. In Henry v. Government of the Virgin Islands, 10 V.I. 227 (D.V.I. 1973), the district court held that the requirement of verification could be met by amending the complaint. Once again, the rationale for this decision was counsel's unfamiliarity with the statutory procedures. Since the notice in the case Sub judice was filed during the same period of time, we conclude that the district court did not err in using the same standard here. Accordingly, we hold that the Hodges adequately complied with the procedural requirements of the Tort Claims Act and allow the judgments in their favor to stand.[1]
 
 
 12
 We do not reach the same result, however, with respect to the Monsanto judgment. Monsanto did not file a claim for his injuries until after he had been sued by the Hodges. It was not until February 10, 1977, about three and a half years after the accident, that he filed a "third party complaint" (actually a cross-claim) against the government, seeking damages for his injuries. Moreover, in its answer the government asserted Monsanto's failure to observe the notice requirement as a defense. The district court, nevertheless, overruled the government's motion.
 
 
 13
 The cross-claim was Monsanto's first assertion of a claim. It must be treated as an independent suit and be governed, therefore, by the limitation set by the statute. See Rosario v. American Export-Isbrandtsen Lines, Inc.,531 F.2d 1227, 1233 (3d Cir.), Cert. denied, 429 U.S. 857, 97 S.Ct. 156, 50 L.Ed.2d 135 (1976). The fact that the Hodges' claims were timely sued upon does not inure to Monsanto's benefit, nor, indeed, does the provision allowing an extension of time to file a notice of claim since the statute limits this grace period to two years after the occurrence (or in the case of a legal disability, two years after its removal). Here, that time had passed and the government had properly pleaded the defense. Thus, we need not be concerned with whether the two-year period acts as a statute of limitations or as a jurisdictional bar. In either case, the result is the same. The statutory provisions had not been met and the government's motion to dismiss the Monsanto claim should have been granted.
 
 
 14
 Accordingly, the judgments in favor of the Hodge plaintiffs will be affirmed. The judgment in favor of Monsanto will be vacated and judgment in that case will be entered for the defendant. Costs taxed in favor of plaintiffs-appellees, Hodge and in all other respects each party to bear their own costs.
 
 
 
 [1]
 In light of this disposition, we need not address the children's argument that their status as minors was a legal disability within the meaning of § 3409(c) tolling the limitations period