**MONIQUE HENLEY, by her grandmother and Next Friend, ETHELYN PENNY and ETHELYN PENNY, Individually, Plaintiffs**

**v.**

**PUEBLO INTERNATIONAL, INC., Defendant**

Civil No. 82-213

District Court of the Virgin Islands

Div. of St. Thomas and St. John

May 11, 1983

FRANCIS E. JACKSON, JR., ESQ., St. Thomas, V.I. *for plaintiffs*

JEAN–ROBERT ALFRED, ESQ. (ALFRED & BRADY), Christiansted, St. Croix, V.I., *for defendant*

CHRISTIAN, *Chief Judge*

## ORDER

Ethelyn Penny brought suit against Defendant Pueblo International, Inc., as next friend of her granddaughter Monique Henley, an

infant under the age of ten. Additionally, Ethelyn Penny sues on her individual behalf claiming damages for loss of the society and companionship of her grandchild, for loss of services of the said child, and for medical expenses incurred and to be incurred.

■ Presently, before the court is the motion of defendant for summary judgment. With respect to the claim on behalf of the infant plaintiff, defendant argues that suit may not be brought by the grandmother, both parents of the child being alive. To meet this challenge Ethelyn Penny then moved the Court to be appointed guardian ad litem of her infant granddaughter. That motion has been granted by the Court and therefore, the motion for summary judgment, insofar as it relates to the claim of the infant plaintiff, will be denied.

■■ Defendant seeks summary judgment against Ethelyn Penny as plaintiff in her individual capacity contending that a suit for loss of ". . . companionship, society and consortium . . ." of a child will not lie. Plaintiff Ethelyn Penny, in opposing the motion for summary judgment, points to jurisdictions which do entertain such suits and argues that the current trend is in that direction. The fact is, however, that a number of other jurisdictions do not permit such claims. In this jurisdiction we have regularly permitted parents to maintain suits for lost services of a child. Actions for loss of consortium have been restricted, however, to spouses only. We are persuaded that the courts which have flatly disallowed actions for loss of consortium of a child, in so doing, espouse the better view. That is the lead we will follow. See Baxter v. Superior Court of Los Angeles County, 138 Cal. Rptr. 315, 563 P.2d 871 (Cal. 1977) (In bank); Hoskie v. United States, 666 F.2d 1353 (10th Cir. 1981) (New Mexico law).

■ This Court sees no reason, however, why this grandmother who has had custody and maintenance of this infant from birth with the consent of both parents may not be deemed to stand in loco parentis, and thus maintain a claim for loss of services and for medical expenses. The motion for summary judgment as it applies to the claims of Ethelyn Penny will be granted in part and denied in part.

The premises considered and the Court being fully advised,

IT IS ORDERED that the motion for summary judgment with respect to the claim of the infant plaintiff by Ethelyn Penny, her guardian ad litem be, and the same is hereby, DENIED;

FURTHER ORDERED that the motion for Summary Judgment as it applies to the claim of Ethelyn Penny, individually, for loss of

services and for medical expenses incurred, be and the same is hereby, DENIED; and it is

FURTHER ORDERED that the motion for Summary Judgment as it applies to the claims of Ethelyn Penny for loss of society, companionship, and consortium, be and the same is hereby, GRANTED.