**ANNE LLOYD, a minor by her next of friend, RUBY LLOYD, and RUBY LLOYD, Individually, Plaintiffs**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, Defendant**

Civ. No. 868/1990

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

June 4, 1998

18

Rhys S. Hodge, Esq., St. Thomas, U.S.V.I., *for plaintiffs*

Henry Thomas, Esq., (Assistant Attorney General), St. Thomas, U.S.V.I., *for defendant*

SWAN, I., *Judge*

## MEMORANDUM OPINION

Before the Court is Ruby Lloyd's request for damages against the Government of the Virgin Islands separate from the damages awarded her daughter, Anne Lloyd. For the reasons that follow, this Court finds: (1) parents, who have a legal obligation to furnish medical treatment to a minor child, have an independent cause of action for the medical expenses of that child resulting from another's tortious conduct; and (2) the independent cause of action entitles the parents to an independent award of damages against the tortfeasor, including the Government of the Virgin Islands.

## I. FACTS

On September 20, 1988, Anne Lloyd fell and broke both of her legs while participating in her physical education class at the Addelita Cancryn Junior High School. Addelita Cancryn is under the control and supervision of the Government of the Virgin Islands ("Government"). Two months after the accident on December 20, 1988, Ruby Lloyd, on her own behalf and on behalf of her daughter, Anne Lloyd, filed with the Office of the Governor, a notice of intention to file a tort claim against the Virgin Islands Government. On September 21, 1990, less than two years after filing the Notice of Intent with the Governor's Office, the Lloyds initiated this action with the filing of their Complaint.[1]

A trial on the merits of Plaintiffs' claims was held on April 24, 1995. The parties were present and represented by counsel. At the conclusion of the arguments in the case, the Court orally rendered its findings of fact and conclusions of law. The Government was

---

[1] Plaintiffs filed an Amended Complaint on April 30, 1991. The Amended Complaint supersedes the original Complaint filed on September 21, 1990. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.").

found negligent, and judgment was entered in favor of Plaintiff Anne Lloyd for Twenty-Five Thousand Dollars ($25,000.00), the maximum amount recoverable under the Virgin Islands Tort Claims Act. The Court reserved the issue of whether Ruby Lloyd could recover an independent award of damages for the medical expenses she incurred as a result of her daughter Anne Lloyd's injuries.

## II. DISCUSSION

In it opposition to Plaintiff's request for damages, the Government asserts that Ruby Lloyd's claim must be denied for the following reasons: (1) the Notice of Intent filed by the Plaintiffs failed to inform the Government of Ruby Lloyd's individual claim for relief; (2) Plaintiffs' Complaint failed to sufficiently state an individual claim by Ruby Lloyd; and (3) the sum of the awards for both Plaintiffs may not exceed the Twenty-Five Thousand Dollar ($25,000.00) limitation on damages established by the Virgin Islands Tort Claims Act.

### A. Notice of Intention to File a Claim.

Defendant argues that the Plaintiffs' Notice of Intent failed to give the Government clear and unambiguous notice of Ruby Lloyd's individual claim for relief. Upon review of the record, the Court finds Defendant's assertion to be without merit.

The Virgin Islands Tort Claims Act ("Act") represents the Virgin Islands Government's express, limited waiver of sovereign immunity and constitutes the consent of the Virgin Islands Legislature for the Government to be sued. *Wiltshire v. Government of the Virgin Islands*, 893 F.2d 629, 633 (3d Cir. 1990). Pursuant to the Act, persons wishing to file a tort claim against the Government must file a notice of that intention with the Office of the Governor and serve a copy upon the Attorney General. V.I. CODE ANN. tit. 33, § 3410(1971).[2] The notice must contain the following information:

---

[2] V.I. CODE ANN. tit. 34, § 3410(1971) provides:

The claim or notice of intention shall be filed in the Office of the Governor and a copy shall be.served upon the Attorney General and a written receipt therefor shall be issued with the date of filing indicated thereon. The claim shall state the time

(a)when the claim arose, (b)where the claim arose, (c)the nature of the claim and (d)a verification of the claim. *Id*. *See also McBean v. Government of the Virgin Islands*, 19 V.I. 383, 385 (Terr. Ct. 1983). Failure to promptly file a notice could result in the plaintiff being denied access to the courts. *Pickering v. David*, 22 V.I. 105, 111 (Terr.Ct. 1986). *See also Daniel v. Government of the V.I.*, 30 V.I. 134, 139 (D.C.V.I. 1994); and *Walters v. Government of the V.I.*, 30 V.I. 36, 39 (Terr. Ct. 1994).

The Notice of Intent filed by the Plaintiffs in this case enumerates all four requirements. Moreover, the Notice specifically identifies the claimants as "ANNE LLOYD, a minor *and RUBY LLOYD*". (Pls.' Notice of Intent to File Claim at ¶ 1)(emphasis added). The Notice further states that the "minor claimant suffered two broken legs, pain and suffering and mental anguish and loss of educational opportunity and *the adult claimant suffered the loss of the comfort and society of the minor claimant and expended or became liable for medical expenses*." (Pls.' Notice of Intent to File Claim at ¶ 6)(emphasis added).

█ It is exceedingly apparent from the Notice of Intent that there are two claimants, the minor claimant and the adult claimant. In addition, the face of the document explicitly states Ruby Lloyd is the adult claimant and specifically describes her damages. It is difficult to conceive how Plaintiffs could have made Ruby Lloyd's individual claim more apparent. Consequently, the Court finds that the Plaintiffs' Notice of Intent is sufficient to apprise the Government of Ruby Lloyd's individual claim for relief under the Virgin Islands Tort Claims Act.

### B. Plaintiffs' Pleadings.

The Government also contends that the Plaintiffs' Complaint fails to state an independent cause of action by Ruby Lloyd. The Government argues that the first time it became aware of Ruby Lloyd's individual claim for relief was during the Plaintiffs' closing argument at trial. However, in addition to being notified of Ruby

when and the place where such claim arose, the nature of same, and items of damage or injuries claimed to have been sustained and the sum claimed need not be stated. The claim and notice of intention to file a claim shall be verified.

Lloyd's individual claim for relief in the Plaintiffs' Notice of Intent, the Defendant received notice of Ruby Lloyd's claim from the Plaintiffs' pleadings.

The captions on both the original Complaint and the Amended Complaint identify the Plaintiffs as "Anne Lloyd, a minor by her next friend, Ruby Lloyd *and Ruby Lloyd, Individually*."[3] The captions alone state that there are two plaintiffs - Anne Lloyd by Ruby Lloyd and Ruby Lloyd, individually. Similarly, both the original Complaint and the Amended Complaint state that "Plaintiffs are residents of St. Thomas, Virgin Islands." (Pl's. Original and Amend. Compl. at ¶ 2). Once again, the Government is informed that there is more than one plaintiff, with the plural form of the word, plaintiff. Lastly, both pleadings allege that "[a]s a further proximate result of the aforesaid negligence of Defendant, Plaintiff has been forced to incur bills for medical and hospital attention and will incur bills and medical attention in the future to Plaintiff's further damage." (Pls.' Original and Amend. Compl. at ¶ 9).

■ Plaintiffs' pleadings do not specifically identify which Plaintiff was forced to incur bills for medical and hospital attention, whether it was Anne Lloyd or her mother, Ruby Lloyd. Nonetheless, it is plausible to conclude that it would be a parent or guardian, and not a minor in junior high school, who would pay the bills for the minor's medical expenses. Defendant could have verified that inference by filing a motion for a more definite statement, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure[4], or the Defendant could have obtained the requisite information through discovery. But, the Government dismally failed to conduct any discovery in this matter. Nevertheless, when read in conjunction, both the original Complaint and the Amended

---

[3] While the Court recognizes that Plaintiffs' Amended Complaint supersedes Plaintiffs' original Complaint, *see supra* n. 1, the latter is mentioned only to illustrate the consistency of Plaintiffs' claims from the inception of the case.

[4] Fed.R.Civ.P. 12(e) provides in pertinent part:

If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.

22

Complaint are consistent with the Notice of Intent filed by the Plaintiffs on September 20, 1988, wherein Plaintiffs allege that Ruby Lloyd, "the adult claimant . . . expended or became liable for medical expenses." (Pls.' Notice of Intent to File Claim at ¶ 6).

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a pleading need consist only of "a short and plain statement of the claim showing that the pleader is entitled to relief." *See, Yamaguchi v. United States Dep't of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (liberal pleading rules require only that complaint sufficiently establish a basis for judgment against defendant); and *Hobson v. Government of the Virgin Islands*, 20 V.I. 413, 416 (TERR.CT. 1984). Plaintiffs' pleadings satisfy the requirements of the rule, and apprise the Defendant of the claims against it.

Furthermore, in the absence of local laws to the contrary, the rules of the common law, as expressed in the Restatements of the Law . . . shall be the rules of decision in the courts of the Virgin Islands. 1 V.I.C. § 4. *Government Guaranty Fund v. Hyatt Corp.*, 95 F.3d 291, 298 (3d Cir. 1996); *Monk v. Virgin Islands Water and Power Authority*, 53 F.3d 1381, 1384 (3d Cir. 1995); *Ducrot v. Marshall & Sterling, Inc.*, 30 V.I. 332, 335 (D.C.V.I. 1994). As the parent of Plaintiff Anne Lloyd, Ruby Lloyd has a cause of action pursuant to the RESTATEMENT (SECOND) OF TORTS § 703(b)(1977) for the medical expenses reasonably incurred for the care of her minor daughter. Section 703, provides:

> One who by reason of his tortious conduct is liable to a minor child for illness or other bodily harm is subject to liability to
>> (a) the parent who is entitled to the child's services for any resulting loss of services or ability to render services, and to
>> (b) the parent who is under a legal duty to furnish medical treatment for any expenses reasonably incurred or likely to be incurred for the treatment during the child's minority.

Section 703(b) establishes a cause of action in parents for the medical expenses of a minor child against one who causes bodily harm to the child. Notably, such a lawsuit has been maintained

23

within this jurisdiction. *See, e.g., Henley v. Pueblo International, Inc.,* 19 V.I. 548, 549 (D.C.V.I 1983). In *Henley,* a grandmother, who had custody and maintenance of an infant child from birth, was permitted to maintain a claim for loss of services and for medical expenses of the infant child.

■ Plaintiff Ruby Lloyd brought suit against the Government for the medical expenses of her daughter, pursuant to Section 703(b) of the RESTATEMENTS. Because the RESTATEMENTS OF LAW are the rules of decision within the Virgin Islands absent laws to the contrary, this Court holds that Ruby Lloyd may maintain and Plaintiffs' Amended Complaint does state a cause of action against the Government of the Virgin Islands for the medical expenses Ruby Lloyd incurred as a result of her daughter's injuries.

### C. Limitation of Liability Under the V.I. Tort Claims Act.

Finally, the Government contends that the sum of the awards for both Plaintiffs may not exceed the limitation on liability set by the Tort Claims Act. The Government further argues that because Anne Lloyd has already received the maximum amount of recovery permitted under the Act, her mother's claim for damages is specious and nonmeritorious. Plaintiffs counter that because Ruby Lloyd has an independent cause of action against the Government, she is entitled to a judgment separate from that of her daughter's.

While the Government of the Virgin Islands has waived its sovereign immunity under the Virgin Islands Tort Claims Act, its waiver is not unconditional. The Government limits its liability to judgments not exceeding Twenty Five Thousand Dollars ($25,000.00). V.I. CODE ANN. tit. 33, § 3411(c)(1971). *Frett v. Government of the V.I.,* 839 F.2d 968, 976 (3d Cir. 1988); *Berry v. Curreri,* 837 F.2d 623, 627 (3d Cir. 1987); and *Richards v. Government of the V.I.,* 16 V.I. 32, 37 (C.A. 3d 1978).

However, this limitation on judgments applies to the recovery by each individual claimant without regard to the number of claimants in a given lawsuit. *See, e.g., Hodge v. Monsanto,* 16 V.I. 70 (C.A. 3d 1979). In *Hodge,* the Third Circuit Court of Appeals affirmed the judgment of a father and his two daughters, who were injured in an accident caused by the Government's negligence. The father

sued the Government on his own behalf and on the behalf of his two daughters. No individual plaintiff was awarded judgment in excess of $25,000.00, but the total sum of the judgments exceeded the 25,000.00 limit set by the Tort Claims Act.

■ As the *Hodge* case illustrates, a single negligent act may cause damages to two or more persons with each person affected having a separate cause of action on his or her behalf. Section 3411(c) simply limits each affected person's recovery to $25,000.00. This contention is buttressed by Subsections (a) and (b) of Section 3411 that make it abundantly clear that the judgment applies to "any claimant" on "any claim."[5] Accordingly, the Court holds that the Virgin Islands Tort Claims Act permits multiple judgments in one lawsuit to persons with independent causes of action as a result of a single tortious incident or occurrence.

The Plaintiffs argue that Ruby Lloyd is entitled to recover damages in this action in the same manner as the plaintiffs in *Hodge,* independent of any other persons' award. Defendant counters that unlike the plaintiff's in *Hodge,* Ruby Lloyd's claim is derivative of her daughter's claim. Essentially, Defendant argues that because Ruby Lloyd has no cause of action independent of her daughters claim, she is not entitled to a separate award of damages. The Court disagrees.

Pursuant to the RESTATEMENT (SECOND) OF TORTS § 703(b), parents, who must furnish medical treatment to a minor child, have an independent cause of action for the medical expenses of that minor child as a result of another's tortious conduct. The parent's claim is separate in character from the child's action. This is made unequivocally clear by comment b to Section 703, which provides:

> The liability to the parent stated in this Section is distinct from the liability of the actor to the child. Damages recoverable in the one action are not recoverable in the

---

[5] For example V.I. CODE ANN. tit. 33, § 3411(a)(1971) provides in part:

> No judgment shall be granted on *any claim* against the Government of the Virgin Islands except upon such legal evidence as would establish liability against an individual or corporation in a court of law (emphasis added).

Similarly, V.I. CODE ANN. tit. 33, § 3411(b)(1971) provides:

> No judgment shall be awarded to *any claimant* or *any claim* which, as between private litigants, would be barred by the statute of limitations (emphasis added).

other; a judgment obtained and satisfied in one action will not prevent a recovery in the other; a release by the one will not affect the other's recovery; a waiver by the child of his own right of action will not affect the parent's recovery; and a abatement by the death of either the parent or the child will not bar a recovery by the other. Moreover, a procedural bar that prevents the child from maintaining an action for the harm it has sustained will not affect the parent's action. Thus neither the expiration of the statute of limitations as to the child's cause of action nor the death of the child will bar an action by the parent.

THE RESTATEMENT (SECOND) OF TORTS § 703(b) cmt. b (1977). The liability to the parent is distinct from the liability of the actor to the child. Therefore a judgment obtained and satisfied in the child's action will not adversely affect the parent's recovery. Accordingly, the Court finds that Ruby Lloyd has an independent cause of action for the medical expenses reasonably incurred for the care of her minor daughter, Anne Lloyd. Because the Plaintiffs in this lawsuit have independent causes of action, they may recover independent judgments, like the plaintiffs in *Hodge*.

Significantly, the Government of the Virgin Islands consents to have its liability determined in accordance with the same rules of law as applied to individuals or corporations. V.I. CODE ANN. tit. 33, § 3408(a)(1971).[6] Therefore, where an individual would be liable, so too would the Government, and the liability is determined according to the same rules of law as applied to individuals. Section 703(b) of the RESTATEMENTS OF TORT is an integral segment of Virgin Islands law. It is likewise a pertinent part of the applicable law governing Ruby Lloyd's claim. Because an individual tortfeasor is liable to a parent who is compelled to incur medical expenses for the care of a minor child, as a result of the actor's tortious conduct, the Government of the Virgin Islands, pursuant to V.I. CODE ANN. tit. 33, § 3408(a), is likewise liable. Therefore, the

---

[6] V.I. CODE ANN. tit. 33, § 3408(a)(1971) provides in part:

The Government consents to have the liability determined in accordance with the same rule of law as applied to actions in the courts of the Virgin Islands against individuals or corporations.

Court concludes that the Government's contention against Ruby Lloyd's claim is incongruous with Section 3408, *supra*.

## III. CONCLUSION

■ THE RESTATEMENT (SECOND) OF TORTS § 703(b), establishes a separate cause of action for Ruby Lloyd independent of her daughter's claim. Because Plaintiffs Ruby Lloyd and Anne Lloyd are separate claimants suffering separate injuries, and they have each notified the Government of their individual claim for relief in the Notice of Intent and in the Amended Complaint, the Court finds that Plaintiff Ruby Lloyd may recover a separate award of damages against the Government of the Virgin Islands for the medical expenses she incurred as a result of her daughter's injuries caused by the Government's negligence.

### JUDGMENT

For reasons enumerated in the Memorandum Opinion of even date, it is hereby

ORDERED, that Judgment is awarded in favor of Plaintiff Anne Lloyd in the sum of Twenty Five Thousand Dollars ($25,000.00) and against Defendant Government of the Virgin Islands, and it is further

ORDERED, that Judgment is awarded in favor of Plaintiff Ruby Lloyd in the sum of Twenty One Thousand Nine Hundred and Fifty Dollars ($21,950.00) and against Defendant Government of the Virgin Islands; and it is further

ORDERED, that copies of Order shall be distributed to the parties' attorneys.